**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

KRISTINE A. MINNEAR,
Plaintiff-Appellant,

v.

No. 95-3089

SHIRLEY S. CHATER, COMMISSIONER OF
SOCIAL SECURITY,
Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of West Virginia, at Clarksburg.
David L. Core, Magistrate Judge.
(CA-94-2-1)

Argued: September 26, 1996

Decided: December 3, 1996

Before RUSSELL and MICHAEL, Circuit Judges, and MICHAEL,
Senior United States District Judge for the Western District of
Virginia, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Mary Virginia Rehmann, Morgantown, West Virginia,
for Appellant. Patricia McEvoy Smith, Assistant Regional Counsel,
Office of the General Counsel, SOCIAL SECURITY ADMINISTRA-
TION, Philadelphia, Pennsylvania, for Appellee. **ON BRIEF:** Char-
lotte Hardnett, Chief Counsel, Region III, Office of the General

Counsel, SOCIAL SECURITY ADMINISTRATION, Philadelphia, Pennsylvania; William Wilmoth, United States Attorney, Helen Campbell Altmeyer, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Kristine A. Minnear seeks review of the final decision rendered by the Secretary of Health and Human Services ("Secretary") denying her application for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1381 et seq. ("SSA"). The Administrative Law Judge ("ALJ") rejected appellant's claims that she has mental and/or physical dis- abilities that preclude her from working. According to appellant, she suffers, inter alia, from severe obesity, borderline intellectual func- tioning, and an organic mental disorder, all of which interfere with her ability to work. The ALJ considered testimony from appellant, appellant's aunt, and a vocational expert, along with various doctors' reports evaluating appellant, records relating to appellant's past per- formance in school and elsewhere, and the results of several intelli- gence quotient tests administered to appellant. Although the evidence was somewhat conflicting, the ALJ concluded that the weight of the evidence supported a finding that appellant was not disabled within the meaning of the SSA and could perform light and sedentary work. The Appeals Council denied appellant's request for review. Thus, the ALJ's decision became the final decision of the Secretary.

Subsequently, appellant filed a complaint in the district court, mov- ing the court to reverse the decision below. The Magistrate Judge, before whom the parties consented to proceed under 28 U.S.C. § 636(c), affirmed the Secretary's decision, granted the Secretary's

2

motion for summary judgment under Fed. R. Civ. P. 56, and denied appellant's summary judgment motion. This appeal ensued.

So long as the correct law was applied and substantial evidence supported the Secretary's decision, we must affirm. 42 U.S.C. § 405(g); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). The record before the ALJ was comprehensive, and his review thorough. The ALJ was in the best position to assess whether or not the gravamen of the evidence supported appellant's account of her disabilities, and substantial evidence supported his finding that it did not. Therefore, finding no legal error, we affirm the Magistrate Judge's holding.*

AFFIRMED
_____
*Consideration of appellant's supplemental authority, filed on October 14, 1996, provides no basis for a change in our conclusion.

3